THE GERMANIA FIRE INSURANCE COMPANY *et al.*, plaintiffs in error, *vs.* WILLIAM N. HAWKS *et al.*, defendants in error.

Where the agent of several insurance companies as principal, and others as securities, acknowledged themselves bound unto each of said companies, in the sum of $1,000 00, conditioned upon the faithful performance by said agent of his duties, in case of a breach, a joint suit by said companies cannot be maintained.

Pleadings. Joint and several obligations. Before Judge CRAWFORD. Muscogee Superior Court. November Term, 1875.

Reported in the decision.

L. T. DOWNING, for plaintiffs in error.

R. J. MOSES, by brief, for defendants.

WARNER, Chief Justice.

The plaintiffs brought their action against the defendants on the following described bond:

" Know all men by these presents, that I, W. N. Hawks, of Columbus, in the state of Georgia, as principal, and J. A. Cody, of Columbus, in the said state, and George Phelps, of Columbus, in the said state, as sureties, are held and firmly bound unto each of the following named insurance companies, that is to say: The Germania Fire Insurance Company, of the City of New York; The Hanover Fire Insurance Company, of the City of New York; The Niagara Fire Insurance Company, of the City of New York; and The Republic Fire Insurance Company, of the City of New York, in the sum of $1,000 00, lawful money of the United States, to be paid to each of the said insurance companies, or to their respective attorneys, agents, successors, or assigns; for which payment, well and truly to be made, we bind ourselves, our heirs, executors and administrators, jointly and severally, firmly by these presents. Sealed with our seals, dated the seventh day of March, in the year one thousand eight hundred and seventy-two.

"Whereas, the said W. N. Hawks has been appointed the agent for the above named insurance companies for Columbus, in the county of Muscogee, and state of Georgia:

"Now the condition of this obligation is such that, if the said W. N. Hawks shall in all respects observe and fulfil the instructions of the said companies respectively, which may be given to him in relation to such agency, either through their own officers or through their general agent, in the city of New York; and shall duly and properly account for, pay over and apply all sums of money which may be received by him as such agent, whether for premiums of insurance, or with which to pay losses, or upon salvages, collections, or otherwise; and shall also duly and properly account for and apply all goods, chattels, or other property which may come into his hands or possession, or under his control, for and in behalf of the said insurance companies respectively; and shall keep true and correct books of account; and make regular and correct reports of the business transacted by him to the said general agent; and shall, in all other respects, well and faithfully dis-

charge and perform his duties as such agent; and shall, upon the termination of his agency, from whatever cause, deliver up and hand over all of the money, books, accounts, memoranda, property, effects, and other things, belonging to the said insurance companies, or connected with or growing out of the said agency, to such person or persons as the said insurance companies, or their general agent, in the city of New York, shall order and direct, then this obligation to be void and of no effect, otherwise to remain in full force and virtue.

  (Signed)     "W. N. HAWKS,   [L.S.]

         "JAMES A. CODY,   [L.S.]

         "GEORGE PHELPS,   [L.S.]

"Signed and delivered in presence of

 "H. A. CHAPMAN,

 "JOHN C. COART."

 The defendant demurred to the plaintiff's declaration, which demurrer was sustained by the court, and the plaintiffs excepted.

 This is a joint suit brought by the plaintiffs against the defendants on their bond, the plaintiffs alleging that they are associated together as the "Underwriters' Agency of New York." This is not a suit by the Underwriters' Agency of New York, if indeed there is such an artificial person capable of suing, but it is a *joint* suit by the plaintiffs on a covenant made with each company *separately*. The rule in such cases is that when the legal interest and cause of action of the covenantees are several, each may and *should* sue separately for the particular damage resulting to him individually, although the covenant be in its terms joint: 1 Chitty's Pleadings, 10. In this case the covenant is made with and to each company separately, and therefore each company should sue separately for the particular damage or injury done to it by a breach thereof, and not in the joint name of all of them. There was no error in sustaining the demurrer to the plaintiffs' declaration.

Let the judgment of the court below be affirmed, with leave to reinstate as to one of the plaintiffs by striking out the others, if the plaintiffs' attorney shall wish to do so.